UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY E. HOBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:04CV1278 |
| | ) |
| DR. STEVEN CRAWFORD, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Crawford's Motion to Dismiss Plaintiff's Action for Refusal to be Deposed. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636 (c).

On December 20, 2004, the undersigned issued an Order granting Defendant's Motion for Leave to Depose Plaintiff. Defendant noticed up the deposition, which was scheduled for January 20, 2005. Upon Defendant's arrival at the Potosi Correctional Center, Plaintiff refused to be deposed. Defendant then filed a motion to dismiss the complaint for Plaintiff's failure to participate in the deposition. In response, Plaintiff asserts that he did not receive an Order from the Court ordering him to participate in the deposition. Plaintiff states that he has no objection to participating in future depositions ordered by this Court. Defendant replies that he presented Plaintiff with a copy of the Court's Order on the date of the deposition.

The undersigned finds that dismissal is not warranted at this time. "A district court has wide latitude in imposing sanctions for failure to comply with discovery . . ." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). Unlike the plaintiff in Aziz, Plaintiff Hobbs' refusal did not appear to be in willful disregard of this Court's Order, which he claims he did not receive prior to the deposition date

or see on the date of the deposition.  See Aziz, 34 F.3d at 589 (plaintiff willfully disregarded court's second order allowing defendants to depose him despite prior warning that the judge would recommend dismissal for non-compliance).  Indeed, plaintiff states in his response that he is willing to participate in any Court ordered deposition.  Therefore, the Court will deny Defendant's motion and order Plaintiff to be deposed at the time and on the date specified by Defendant.  However, the Court cautions Plaintiff that, if he again refuses to be deposed, the Court will dismiss his Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. #18] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting the Court Issue an Order Allowing an Inmate Law Clerk to be Present at Any and All Depositions [Doc. #17] is **DENIED.**

**IT IS FINALLY ORDERED** that Plaintiff shall participate in a deposition on a date and at a time to be determined by the Defendant.  Failure to attend the deposition or otherwise comply with discovery  will result in dismissal of Plaintiff's Complaint.

    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day July, 2005.