UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY E. HOBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:04CV1278 TIA |
| ) | |
| DR. STEVEN CRAWFORD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Request to Conduct Written Depositions.  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On September 20, 2004, Plaintiff filed a Complaint under 42 U.S.C. § 1983, alleging that the Defendant, Dr. Crawford, was deliberately indifferent to Plaintiff's medical needs because Dr. Crawford improperly treated Plaintiff's rash.  On August 16, 2005, Defendant filed a Motion for Summary Judgement with 79 exhibits pertaining to Plaintiff's medical treatment.  On September 6, 2005, Plaintiff filed a request to conduct written depositions of Dr. Crawford and two other witnesses, Dr. Perry and Dr. McKinney.  Plaintiff maintains that these witnesses "have relevant information about his case."  Plaintiff also asserts that the will be hard-pressed to present his case if the Court denies his request.

The Court has thoroughly read the pleadings and various exhibits in support and finds, in its discretion, that Plaintiff is not entitled to conduct written depositions.  Absent a specific showing that the evidence is necessary, "Rule 56(f) does not condone a fishing expedition . . . searching for documents that might confirm [Plaintiff's] 'information and belief.'" Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); see also Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997) (district

court did not abuse its discretion where plaintiffs failed to sufficiently identify specific facts needed to discover in order to resist summary judgment motion).

Here, Plaintiff merely states that the witnesses have relevant information without articulating what particular information he needed to present his case or why the lack of discovery prevents him from opposing the summary judgment motion. Dulany, 132 F.3d at 1238-1239. This is insufficient, especially where, as in this case, Defendant has provided affidavits and a multitude of medical records demonstrating the level of medical care Plaintiff received. Id. at 1239. Therefore, the undersigned will deny Plaintiff's request. However, because Plaintiff has not yet responded to the motion for summary judgment, the undersigned will grant him additional time to file a response.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request to Conduct Written Depositions [Doc. #33] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall respond to Defendant's Motion for Summary Judgment within thirty [30] days from the date of this Memorandum and Order.

          /s/ Terry I. Adelman
    UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of February, 2006.